MEMORANDUM *
I. Section 1983, False Arrest, Emotional Distress Claims
Jill Cassette’s § 1983 claim for a Fourth Amendment violation, as well as *586 her state law claims for false arrest and intentional infliction of emotional distress, fail because the King County Sheriffs Department had probable cause to search her house and to arrest her on suspicion of helping to run the Seattle Garden of Eden prostitution ring.
Police Detective Draper did not include every piece of information in his affidavit supporting the search warrant. Yet the district court correctly ruled that the omissions had no effect on the proper determination of probable cause. First, Draper included sufficient information to show the likely bias of the informant. Inclusion of the informant’s direct quotations would have had only a marginal and cumulative impact on that showing; it would not have revealed any new information. The omission accordingly was not material. There was also no error in the district court’s conclusion that, even if all evidence of bias was considered, it was not sufficient to overcome the indicia of the informant’s reliability because of the informant’s firsthand knowledge and outside corroboration of much of what he reported.
Excluding the information from the affidavit that Cassette claims is a fabrication, and adding information that Cassette contends should have been included, there remains probable cause for the search warrant. See Mendocino Envtl. Ctr. v. Mendocino County, 192 F.3d 1283, 1295 (9th Cir.1999) (in order to survive a summary judgment motion in a § 1983 claim for a Fourth Amendment violation, a plaintiff must establish that, excluding the alleged false statements in the affidavit and including the alleged wrongfully omitted information, the search warrant lacked probable cause). Cassette has provided nothing to support her declaration that emails, in which Cassette admits to participating in the operation of the prostitution business, are fabrications. Even without the e-mails, Draper recited in his affidavit that he knew that Cassette owned the BMW automobile used to conduct the Seattle Garden of Eden business and that the internet subscription used by the business was in Cassette’s name. There was probable cause to believe that Cassette was involved in running the prostitution ring and that evidence would be found in her residence. The search accordingly did not violate the Fourth Amendment.
The false arrest claim fails because the same information that gave probable cause to search also gave probable cause to arrest Cassette for participation in the operation of the prostitution ring. Because her arrest was based upon probable cause, her false arrest claim was properly dismissed. See Hanson v. City of Snohomish, 121 Wash.2d 552, 558, 563, 852 P.2d 295 (Wash. 1993) (probable cause is an absolute defense to false arrest and malicious prosecution claims).
Finally, Cassette’s claim of emotional distress, premised on her argument that she was falsely accused of being an operator of a prostitution ring, fails because the Police Department had probable cause to believe that she was so involved. See Keates v. City of Vancouver, 73 Wash.App. 257, 267-68, 869 P.2d 88 (Wash.App.Ct. 1994) (where plaintiffs emotional distress claim is premised on a malicious prosecution theory, she must show that defendant acted without probable cause).
II. Defamation
Cassette’s defamation suit was properly dismissed because she failed to show that an officer abused the privilege to release information about the prostitution ring “by making a statement knowing *587 it to be false or with reckless disregard as to its truthfulness.” Turngren v. King County, 104 Wash.2d 293, 309, 705 P.2d 258 (Wash.1985). Cassette presented no evidence that would permit a rational trier of fact to find that any King County police officer either knowingly lied or recklessly disregarded the truthfulness of Cassette’s alleged status as “operator” of the prostitution ring. In the thirteen days between the execution of the search warrant and the media statement, police discovered nothing to refute their belief that Cassette ran the prostitution business. In fact, they seized items believed to be used in the business. The police had reasonable grounds to believe that what they said to the media was accurate.
For these reasons, the district court’s grant of summary judgment is AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided *586 by 9th Cir. R. 36-3.